O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | Dana Sledge v. Deric Lydall Carpenter-Ryals | Date | March 3, 2009 |
|---|---|---|---|
| Title | CV 08-3673 PSG (OPx) | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):      Attorneys Present for Defendant(s):

Not Present                          Not Present

**Proceedings:**     **(In Chambers) Order Remanding the Case**

I.     BACKGROUND

On June 5, 2008, Deric Lydall Carpenter-Ryals ("Defendant") filed a notice of removal with the Court on the basis of diversity. Defendant seeks to remove the matter of *Dana Sledge v. Deric Lydall Carpenter-Ryals*, which, for all intents and purposes, appears to be nothing more than an application for temporary restraining order ("TRO") filed by Dana Sledge ("Plaintiff") against Defendant. For the reasons that follow, the Court REMANDS the case.

II.     LEGAL STANDARD

While 28 U.S.C. § 1441 provides that some actions filed in state court may be removed to federal district court, "[t]he removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004), *amended*, 387 F.3d 966 (9th Cir. 2004). The Ninth Circuit applies a "'strong presumption' against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). Furthermore, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (citation omitted).

III.     DISCUSSION

Defendant asserts that removal is proper in this case under the Court's diversity jurisdiction. For diversity jurisdiction to exist, there must be "complete" diversity between the

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

### CIVIL MINUTES - GENERAL

| Case No. | Dana Sledge v. Deric Lydall Carpenter-Ryals | Date | March 3, 2009 |
|---|---|---|---|
| Title | CV 08-3673 PSG (OPx) | | |

parties and the amount in controversy requirement must be met. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267, 2 L. Ed. 435 (1806); 28 U.S.C. § 1332(a). Here, neither of these requirements are met.

The basic requirement in diversity cases is that all plaintiffs must be of different citizenship than all defendants; any instance of common citizenship prevents federal diversity jurisdiction. *Strawbridge*, 7 U.S. (3 Cranch) at 267. Defendant's notice of removal simply states, "[t]his matter and this Case is that of complete diversity, as there are no other parties in this case that have been properly served." *Not. of Rem,* 2. However, this statement is belied by the complaint Defendant attached to his notice of removal. That complaint shows that Plaintiff lives in Los Angeles, California, while Defendant lives in Upland, California. As residency is prima facie evidence of citizenship, *see Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954), it appears that complete diversity does not exist in this case.

The amount-in-controversy requirement is also not met. Defendant states in his notice of removal, "From the allegations set forth in the State court action . . . [Defendant] believes that the amount-in-controversy exceeds $75,000.00 [seventy-five thousand dollars]." *Not. of Rem.*, 2. However, the State court action does not state an amount-in-controversy. Accordingly, Defendant had the burden of "actually proving" that the amount-in-controversy exceeds $75,000. *See Gaus*, 980 F.2d at 567. Defendant, however, did not do so.

Even if Defendant could have met the foregoing requirements, the Court would still lack jurisdiction. It is axiomatic that federal courts do not have jurisdiction to adjudicate domestic relations actions if they concern divorce, alimony or child custody. *Ankenbrandt v. Richards*, 504 U.S. 689, 693-95, 112 S. Ct. 2206, 119 L. Ed. 2d 468 (1992). From the face of the State court action, it appears that, at the very least, this case concerns child custody. Accordingly, the Court lacks jurisdiction.

IV.   CONCLUSION

Based on the foregoing, the Court REMANDS the case.

**IT IS SO ORDERED.**